UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRANCE JON IRBY,<br><br>                    Plaintiff,<br><br>       v.<br><br>DOC WASHINGTON, BERNIE WARNER, DAN PACHOLKE, STEVE SINCLAIR, RON KNIGHT, JUAN PALOMO, CC3 DAVID MCKINNEY, CHRIS BOWMAN, SCOTT FRAKES and JERRY T. DUNLEAVY,<br><br>                    Defendants. | No.  4:14-CV-05054-EFS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

   BEFORE THE COURT is Plaintiff Terrance Jon Irby's Motion for Reconsideration, noted for hearing without oral argument on August 13, 2014, ECF No. 30.  By Order filed July 1, 2014, the Court denied Mr. Irby's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and dismissed this action because he had failed to pay the filing fee under 28 U.S.C. § 1914.

   The Court had previously granted Plaintiff the opportunity to show cause why his application should not be denied and/or to pay the full $400.00 filing fee.  ECF No. 27.  Plaintiff now seeks

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

reconsideration of the dismissal Order. The Court notes that he subsequently filed a Notice of Appeal, ECF No. 31.

The Court finds Plaintiff's grounds for reconsideration difficult to decipher. He seems to assert that injuries he has sustained after signing his complaint on April 21, 2014, should excuse the restrictions of 28 U.S.C. § 1915(g). He also seems to accuse the undersigned judicial officer of having a conflict of interest because Plaintiff allegedly appeared as a witness in a case pursued by inmate Ron Holtz. The Court has reviewed *Holtz v. Elizondo, et al.*, cause number 2:13-cv-05058-EFS, and has found no witness statement by Mr. Irby. Cause number 2:13-cv-05058-EFS was dismissed without prejudice pursuant to Mr. Holtz's own Motion to Voluntarily Dismiss and was never served on Defendants. The Court can find no basis to support Plaintiff's accusation of a conflict of interest.

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.,* 651 F. Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this Court taking

a second look at the issue in question. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

The Court has previously determined that Mr. Irby's complaint, signed on April 21, 2014, and asserting only property and access to court issues, failed to show "imminent danger of serious physical injury," as required in order to permit Plaintiff to proceed *in forma pauperis.* 28 U.S.C. § 1915(g). His succeeding assertions that he was not provided with seizure medicine when he was transferred on May 15, 2014, and that he subsequently had suicidal thoughts which he intended to discuss with a doctor, were not sufficient to show that he was under "imminent danger of serious physical injury" *when* he filed his complaint. Because Plaintiff had filed three or more civil actions or appeals which were dismissed as frivolous or for failure to state a claim, ECF No. 14, he is not entitled to proceed *in forma pauperis.*

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 30, is **DENIED** and the file shall remain closed.

**IT IS SO ORDERED.** The District Court Executive shall enter this Order and forward a copy to Plaintiff. The Court certifies any appeal of this determination would not be taken in good faith.

**DATED** this 13th day of August 2014.

                              s/Edward F. Shea
                              EDWARD F. SHEA
               Senior United States District Judge